UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

| | |
|---|---|
| PAMELA JOHNSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>REGIONAL FINANCE CORPORATION,<br><br>　　　　Defendant. | Case No. 4:21-cv-00009<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:<br><br>1. Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*<br>2. North Carolina Debt Collection Act, N.C. Gen. Stat. § 75-52 *et seq.*<br>3. Invasion of Privacy - Intrusion Upon Seclusion |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Pamela Johnson ("Plaintiff"), by and through her attorneys, alleges the following against Regional Finance Corporation ("Defendant" or "Regional Finance"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the North Carolina Debt Collection Act ("NCDCA"), N.C. Gen Stat. § 75-52. The NCDCA prohibits debt collectors from

engaging in "any conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the attempt to collect any debt."

3. Count III of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion Upon Seclusion, as derived from § 652B of Restatement (Second) of Torts, which prohibits an intention intrusion, "physically or otherwise, upon the solitude or seclusion of another or her private affairs or concerns . . . that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises under 47 U.S.C. § 227 *et seq*. and 28 U.S.C. § 1331.

5. Diversity jurisdiction is established under 28 U.S.C. §1332 as the matter in controversy exceeds $75,000.00, Plaintiff is a citizen of North Carolina, and Defendant is a citizen of South Carolina.

6. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims occurred in this District.

7. Defendant transacts business here; therefore, personal jurisdiction is established.

## PARTIES

8. Plaintiff is a natural person residing in the city of Greenville, Pitt County, North Carolina.

9. Regional Finance is engaged in the business of providing consumer loans and can be served at its principal place of business located at 979 Batesville Rd. Suite B, Greer, SC 29651.

10. Regional Finance is a debt collector as defined by N.C. Gen. Stat. § 75-50(3).

11. Regional Finance acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. The debt(s) underlying this action were obligation(s) or alleged obligation(s) of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction were primarily for personal, family, or household purposes.

13. In or around February 2020, in an attempt to collect on one or more alleged consumer accounts, Regional Finance began calling Plaintiff on her cellular phone number ending in 2649.

14. The calls originated mainly from (252) 917-6162 and (864) 448-7157. Upon information and belief, these telephone numbers are owned, operated, or controlled by Regional Finance or its agent(s).

15. On or about February 26, 2020, at approximately 11:31 a.m., Plaintiff answered a call from Regional Finance and spoke with a representative.

16. After picking up the call, Plaintiff noticed a short pause before Regional Finance's representative began speaking, consistent with the use of an automatic dialing system.

17. The representative informed Plaintiff that Regional Finance was attempting to collect a debt incurred by Plaintiff.

- 3 -

18. Plaintiff informed the representative that she was struggling financially and unable to make a payment. Plaintiff then told the Regional Finance representative to stop calling her cellular phone, thereby revoking consent.

19. Despite Plaintiff expressly informing Regional Finance to not call her and that she could not pay at the time, Regional Finance continued hounding Plaintiff for a payment.

20. On or about March 6, 2020, at approximately 9:43 a.m., Plaintiff answered another call from Regional Finance. After picking up the call, Plaintiff again noticed a short pause before Regional Finance's representative began speaking, consistent with the use of an automatic dialing system.

21. After the representative informed Plaintiff that Regional Finance was attempting to collect a debt, Plaintiff, for a second time, requested that Regional Finance stop calling her cellular phone. Despite Plaintiff's second request not to be called on her cellular phone, Regional Finance continued to harass Plaintiff.

22. On or about March 16, 2020, at approximately 10:35 a.m., Plaintiff answered a call from Regional Finance, and for a third time, requested that Regional Financial stop calling her cellular phone. Unsurprisingly, Regional Finance ignored Plaintiff's third request, and continued to incessantly call Plaintiff's cellular phone.

23. Between February 26 and October 31, 2020, Regional Finance called Plaintiff on her cellular phone approximately **ONE-HUNDRED AND FOURTY (140)** times after Plaintiff had unequivocally revoked consent to be called.

24. During that time period, Regional Finance called Plaintiff virtually every day, numerous times a day.

25. Upon information and belief, Regional Finance is familiar with the TCPA and NCDCA.

26. Upon information and belief, Regional Finance also left pre-recorded or artificial voice messages for Plaintiff on Plaintiff's voicemail.

27. Regional Finance's conduct was not only done willfully but was done with the intention of causing Plaintiff such distress, so as to induce her to pay the debt or pay more than she was able to.

28. Regional Finance's intrusion upon Plaintiff's seclusion was highly offensive to the reasonable person, oppressive, outrageous, and exceeded reasonable collection efforts. Regional Finance's conduct was especially unreasonable because it called relentlessly shortly after Plaintiff had explained that she could not pay at the time and expressly revoked consent to be called on at least three separate occasions.

29. Plaintiff has been struggling financially and has been working hard to stay on top of her financial obligations.

30. Plaintiff is employed as a caregiver and Regional Finance's phone calls would constantly be received by Plaintiff while at work, thereby disrupting her workday and causing Plaintiff additional stress, anxiety, and embarrassment about her financial troubles.

31. As a result of Regional Finance's conduct, Plaintiff has sustained actual damages including but not limited to, stress, anxiety, embarrassment, anguish, severe emotional and mental pain.

## COUNT I
## Violations of the TCPA, 47 U.S.C. § 227 *et seq.*

32. Plaintiff incorporates by reference paragraphs one (1) through thirty-one (31) of this Complaint as though fully stated herein.

33. Defendant violated the TCPA. Defendant's violations include, but are not limited to, the following:

   a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii), which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

   b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff using an artificial or prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

34. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one

thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
### Violations of the NCDCA, N.C. Gen. Stat. § 75-52 *et seq.*

35. Plaintiff incorporates by reference paragraphs one (1) through thirty-one (31) of this Complaint as though fully stated herein.

36. Defendant violated the NCDCA. Defendant's violations include, but are not limited to, the following:

    a.    Defendant violated N.C. Gen. Stat. § 75-52(3) by "causing a telephone to ring or engaging any person in telephone conversation with such frequency as to be unreasonable or to constitute a harassment to the person under the circumstances."

37. Defendant's act, as described above, were done intentionally with the purpose of annoying or harassing Plaintiff enough to pay the alleged debt.

38. As a result of Defendant's violations of the N.C. Gen. Stat. § 75-52, Plaintiff is entitled actual damages, statutory damages of no less than $500 and up to $4,000 for each violation, and punitive damages. §75-56(b), (c).

39. Section 75-56 expressly states that the remedies provided by the NCDCA are cumulative and in addition to remedies otherwise available. §75-56(c).

## COUNT III
### Invasion of Privacy - Intrusion Upon Seclusion

40. Plaintiff incorporates by reference paragraphs one (1) through thirty-one (31) of

this Complaint as though fully stated herein.

41. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

    a. Defendant intentionally intruded, physically, or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls, of which would be highly offensive to a reasonable person, in an attempt to collect on an alleged debt despite Plaintiff's three requests for calls to cease.

    b. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

42. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages. If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## **PRAYER OF RELIEF**

**WHEREFORE**, Plaintiff Pamela Johnson, respectfully requests judgment be entered against Defendant Regional Finance Corporation for the following:

A. Declaratory judgment that Defendant violated the TCPA and NCDCA;

B. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

C. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3);

D. Actual damages pursuant to N.C. Gen. Stat. §75-56(b);

E.  Statutory damages of no less than $500 and up to $4,000 for each violation of the NCDCA pursuant to N.C. Gen. Stat. §75-56(b);

F.  Punitive damages pursuant to N.C. Gen. Stat. §75-56;

G.  Actual and punitive damages for the invasion of Plaintiff's privacy;

H.  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

I.  Any other relief that this Honorable Court deems appropriate.

Respectfully submitted this 19th day of January 2021.

*/s/ Dawn M. McCraw*
Dawn M. McCraw, (NCB #54714)
Price Law Group, APC
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5585
F: (818) 600-5485
E: dawn@pricelawgroup.com
*Attorneys for Plaintiff,*
*Pamela Johnson*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 19, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter.

*/s/Dawn McCraw*